Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Proposed Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-13252-MKN |
| BASIC WATER COMPANY, | Chapter 11 |
| Debtor. | Hearing Date: **OST REQUESTED** |
| | Hearing Time: **OST REQUESTED** |

**EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 FOR ENTRY OF AN ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION CLAIMS AND (II) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR <u>ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT</u>**

Basic Water Company, a Nevada corporation ("**BWC**") and Basic Water Company SPE 1, LLC, a Nevada limited liability company ("**SPE**" and, together with BWC, "**Basic Water**" or the "**Debtors**"), the debtors and debtors-in-possession in their proposed jointly administered Chapter 11 cases, by and through their proposed counsel of record, Schwartz Law, PLLC, hereby submit this motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit 2**, (i) prohibiting the Debtors' utility service providers from altering, refusing, or discontinuing services, and (ii) establishing procedures for determining requests by the utility service providers for adequate assurance of payment.

This Motion is made and based on the *Declaration of Stephanne Zimmerman in Support of Debtors' Chapter 11 Petitions, First Day Motions, and Related Relief* (the "**First Day**

1

**Declaration**"), filed herewith, the points and authorities set forth below, the pleadings and papers and other records contained in this Court's file, judicial notice of which is respectfully requested, and any evidence or oral argument presented at the time of the hearing on this Motion.

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).[1] Pursuant to LR 9014.2, the Debtors consent to entry of a final order or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the U.S. Constitution.

2. Venue of the Debtors' Chapter 11 cases (the "**Chapter 11 Cases**") in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Sections 105(a) and 366 of the Bankruptcy Code.

## BACKGROUND

4. On September 10, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with this Court. Contemporaneously with the filing of their petitions, each of the Debtors filed an application for entry of an order directing the joint administration of their Chapter 11 Cases, with BWC denominated the lead case.

5. The Debtors continue to operate as a debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. To date, the Office of the United States Trustee for Region 17 (the "**UST**") has not appointed a committee of unsecured creditors in the Chapter 11 Cases. *See* Dockets.

---

[1] Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall be to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-9037. "**Local Rule**" or "**LR**" references are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada. All other initially capitalized terms not defined herein shall have the meanings ascribed to them in the First Day Declaration.

7. A detailed description of the Debtors' business operations, financial obligations, events leading up the Petition Date, and other matters are set forth in the First Day Declaration of Stephanne Zimmerman.

**RELIEF REQUESTED**

10. By this Motion, the Debtors seek the entry of an order: (i) prohibiting utility service providers, including those listed on **Exhibit 1** hereto (the "**Utilities**"),[2] from altering, refusing, or discontinuing services on account of the commencement of these Chapter 11 Cases or any unpaid pre-petition invoices or pre-petition claims; and (ii) establishing procedures for determining requests for additional adequate assurance of payment.

11. Debtors propose the following procedures (the "**Procedures**") for requesting adequate assurance of payment and determining the appropriate adequate assurance:

    a. The Utility must serve a written request to Debtors' counsel, Schwartz Law, PLLC, 601 East Bridger Avenue, Las Vegas, Nevada 89101, setting forth the location for which utility services are provided, the account number for such location, the outstanding balance for each account, and an explanation of why adequate assurance of payment is necessary (a "**Request**");

    b. The Request must actually be received by the Debtors' counsel, Schwartz Law, PLLC, 601 East Bridger Avenue, Las Vegas, Nevada 89101, within thirty (30) days of the date of entry of the order granting the relief requested herein (the "**Request Deadline**");

    c. Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurances to a Utility serving a timely Request, if the Debtors, in their discretion, determine that the Request is reasonable;

    d. If the Debtors believe that a Request is unreasonable, within thirty (30) days after the Request Deadline, the Debtors shall file a motion pursuant to Section 366(c)(2) of

---

[2] The listing of an entity on Exhibit 1 is not an admission that any entity is a utility within the meaning of 11 U.S.C. § 366. Although the Debtors believe that the list of companies on Exhibit 1 is complete, they reserve the right to supplement such list if the Debtors inadvertently omitted a utility provider.

3

the Bankruptcy Code (a "**Determination Motion**"), seeking a determination from the Court that the consideration offered by the Debtors constitutes adequate assurance of payment. Pending notice and hearing on the Determination Motion, the Utility that is the subject of the Request may not alter, refuse, or discontinue services to the Debtors, request an additional deposit or other security, nor recover or setoff against a pre-Petition Date deposit;

   e. Any Utility that makes a timely Request shall be deemed to have adequate assurance of payment until the Court enters a final order in connection with such a Request finding that the Utility is not adequately assured of future payment; and

   f. Any Utility that fails to make a timely Request shall be deemed to be satisfied of adequate assurance of payment.

12. The Debtors further request that nothing in this Motion or the proposed order be deemed to: (i) vacate or modify any other restrictions on the termination of service by a Utility as provided by Sections 362 and 365 of the Bankruptcy Code or other applicable law; (ii) constitute the post-petition assumption or adoption of any agreement pursuant to Section 365 of the Bankruptcy Code; or (iii) a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

13. The Debtors also propose to serve a copy of the order on all Utilities listed on Exhibit 1, attached hereto, and, if additional Utilities are subsequently identified, on such subsequently identified Utilities. The Debtors also propose that any Utility not currently listed on Exhibit 1, but subsequently identified and served by the Debtors with a copy of the order, be afforded thirty (30) days from the date of such service to make a Request, if any, to the Debtors for additional adequate assurance of payment. Concurrently with such service, the Debtors will file with the Court a supplement to Exhibit 1 adding the name of any Utilities so served. Such notice and opportunity to request further assurances is sufficient under the Bankruptcy Code.

## **BASIS FOR RELIEF**

14. Basic Water delivers water to their customers through a system that currently includes, among other things, reservoirs, pipelines from the terminal reservoir to points of use, a transmission line to provide power for pumping, transformer stations, and appurtenant facilities. In

the normal conduct of their business, the Debtors use water, electric, telephone (including data services), and other services provided by the Utilities. *See* First Day Decl., ¶ 64.

15. BWC is billed by the Utilities for utility services provided to BWC and SPE in most cases. In some cases, invoices for utility services delivered to BWC and SPE may be sent by the Utility to BWC's non-debtor parent company, Basic Management, Inc. ("**BMI**"), which owned the Water Facilities and other assets prior to 2004.[3] *See id.* On average, the Debtors spend approximately $29,315 each month on utility costs, exclusive of water delivered by the City of Henderson (the "**City**") for service to the Industries pursuant to the Interim Agreement for Temporary Potable Water Service, dated June 13, 2022 (the "**Interim Agreement**"). *See id.*, ¶ 66.

16. As described in the First Day Declaration, the Debtors stopped drawing water from Lake Mead when the lake level reached Failure Elevation on July 1, 2022, and have begun taking delivery of potable water from the City pursuant to the Interim Agreement (the "**Delivered Water**"). *See id.*, ¶¶ 53-55. Based on the Industries' past water use, the Debtors anticipate that the monthly cost of Delivered Water will vary between approximately $211,000 and $342,000 per month, averaging approximately $268,000. BWC will invoice the Industries for the cost of Delivered Water based on their respective actual use. *See id.*, ¶ 66.

17. Uninterrupted utility services are essential to the Debtors' ongoing operations and, therefore, to the success of their Chapter 11 Cases. Because the Debtors purchase water from the City and deliver it to their customers through a system that requires electricity to transmit the water to reservoirs and then through pipelines from the terminal reservoir to points of use, any interruption of utility services, even for a brief period of time, would disrupt the Debtors' ability to provide water and cause the Debtors to lose revenue. Discontinuation of a utility service, particularly water or electricity, would effectively shut down operations. It is therefore critical that utility services continue uninterrupted during these Chapter 11 Cases and the relief requested in this Motion should be approved as soon as possible. *See id.*, ¶ 65.

---

[3] The Debtors also pay BMI a portion of certain overhead expenses that are shared with BMI and other non-debtor affiliates. Shared utility services that are paid by BMI, rather than by the Debtors, are not included in this Motion.

18. As of the Petition Date, the Debtors believe they are current on utility payments that came due on or before the Petition Date. Although the Debtors anticipate that the cash flow from business operations will be sufficient to allow them to satisfy all administrative expenses on a current and ongoing basis, the Debtors recognize that certain Utilities may not be satisfied without further assurances. *See id.*, ¶ 67.

19. Separate negotiations with each of the Utilities would be time-consuming and would unnecessarily divert the Debtors from other critical tasks related to the operation of their business and restructuring. If the Debtors fail to reach an early agreement with each Utility, they would have to file motions seeking expedited determinations as to adequate assurance or risk service termination. The Debtors believe that the proposed Procedures outlined above provide a fair, reasonable, and orderly mechanism for the Utilities to seek adequate assurance, while temporarily maintaining the status quo for the Debtors. *See id.*, ¶¶ 67-68.

## APPLICABLE AUTHORITY

20. Section 366 of the Bankruptcy Code protects a debtor against immediate termination of utility services after commencing its case. Under that Bankruptcy Code section, a utility may not, during the first 20 days of the case, alter, refuse, or discontinue service to a debtor in a Chapter 11 case solely because of unpaid prepetition amounts, but the utility may do so thereafter unless the debtor furnishes "adequate assurance" of payment, in the form of a deposit or otherwise, for post-petition services in a form "satisfactory" to the utility.

21. Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, courts, commentators, and legislative history had all confirmed that section 366 does not require, in every case, that the debtor provide a deposit or other security to his utilities as adequate assurance of payment. In *Virginia Electric & Power Co. v. Caldor, Inc.-New York*, 117 F.3d 646 (2d Cir. 1997), the United States Court of Appeals for the Second Circuit affirmed the Bankruptcy Court's ruling that the debtor's pre-petition payment history, post-petition liquidity, and administrative expense priority treatment afforded post-petition invoices adequate assurance of future performance. *Id.* at 647. The court rejected the utility's argument that Section 366(b) nevertheless requires a "deposit or other security," stating:

> [A] bankruptcy court's authority to "modify" the level of the "deposit or other security," provided for under [section] 366(b), includes the power to require no "deposit or other security" where none is necessary to provide a utility with "adequate assurance of payment."

*Id.* at 650; *see also Shirey v. Philadelphia Elec. Co. (In re Shirey)*, 25 B.R. 247, 249 (Bankr. E.D. Pa. 1982) ("[S]ection 366(b) . . . does not permit a utility to request adequate assurance of payment for continued services unless there has been a default by the debtor on a pre-petition debt owed for services rendered.").

22. Under Section 366(c) of the Bankruptcy Code, however, a utility company may alter, refuse, or discontinue utility service to a debtor if, within 30 days after commencement of the Chapter 11 case, the utility company does not receive adequate assurance in a form "satisfactory" to the utility company, subject to the Court's ability to modify the amount of adequate assurance of payment. Furthermore, under section 366(c), in determining whether an assurance of payment is adequate, the Court may not consider (i) the absence of security before the petition date, (ii) the debtor's history of timely payments, or (iii) the availability of an administrative expense priority. 11 U.S.C. § 366(c)(3)(B).

23. The requirement that a utility receive adequate assurance of payment, however, does not require a guarantee of payment. It is intended to avoid exposing the utility to an unreasonable risk of nonpayment. See *In re Adelphia Business Solutions, Inc.*, 280 B.R. 63 (Bankr. S.D.N.Y. 2002), the Bankruptcy Court for the Southern District of New York stated that, "[i]n determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for post-petition services." *Id.* at 80. The essence of the Court's inquiry is an "examination of the totality of the circumstances [in making] an informed judgment as to whether . . . utilities [will] be subject to an unreasonable risk" of nonpayment. *Id.* at 82-83.

24. It is also well-established that Section 366(b) permits a court to find that no adequate assurance payment at all is necessary to provide a utility with adequate assurance of payment. *Caldor*, 117 F.3d at 650 ("Even assuming that 'other security' should be interpreted narrowly, . . . a bankruptcy court's authority to 'modify' the level of the 'deposit or other security' provided for under § 366(b),

includes the power to require 'no deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'"). Accordingly, even after BAPCPA's revisions to Section 366, courts continue to have discretion to determine the amount of adequate assurance payments and, where appropriate, to determine that no such payment is necessary.

25. As of the Petition Date, the Debtors are current on utility payments that came due on or before the Petition Date and anticipate that they will be able to satisfy all administrative expenses on a current and ongoing basis, including Utilities, from unencumbered cash held by BWC on the Petition Date, SPE's use of cash collateral, and cash flow from ongoing business operations. The Debtors also have a powerful incentive to stay current on their utility obligations because of their reliance on utility services for their business operations. These factors, which the Court may consider when determining the amount of any adequate assurance payments, mitigate against a finding that additional adequate assurance of payment is required in these Chapter 11 Cases.

26. Notwithstanding the Debtors' ability to pay their post-petition obligations, the Debtors are proposing Procedures that allow Utilities to seek additional adequate assurance while maintaining adequate capital to operate the Debtors' business during these Chapter 11 Cases. The proposed Procedures therefore preserve the status quo and ensure continued utility services, while providing a prompt forum for the resolution of any dispute as to adequate assurance. Because the proposed Procedures protect the Debtors without materially prejudicing the Utilities, they carry out the provisions of Section 366 and therefore are appropriate under Section 105(a) of the Bankruptcy Code.

27. If the Procedures are not approved, the Debtors could be forced to enter into separate, time-consuming negotiations with their Utilities during the critical first weeks of their Chapter 11 Cases and, if the Debtors could not reach early agreements with each Utility, file motions seeking expedited determinations as to adequate assurance or risk service termination. Moreover, the Debtors could be blindsided by a Utility unilaterally deciding that it is not adequately protected and discontinuing service or making an exorbitant demand for payment to continue

service. Discontinuation of a utility service, particularly electricity or water, would effectively shut down operations.

28. Similar relief has been granted in other Chapter 11 reorganization cases since the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 took effect on October 17, 2005. *See In re Refco Inc.*, Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Dec. 9, 2005); *see also In re FLYi, Inc.*, Case No. 05-20011 (MFW) (Bankr. D. Del. Dec. 2, 2005); *In re S2 Art Group, Ltd.*, Case No. 12-20252-BAM (Bankr. D. Nev. Oct. 3, 2012); *In re Prestige Travel, Inc.*, Case No. 12-21951-BAM (Bankr. D. Nev. November 6, 2012); *In re Zen Entertainment, Inc.*, Case No. 13-10589-BTB (Bankr. D. Nev. February 4, 2013); *In re Regal Property Holdings, Inc.*, Case No. 13-13969-BTB (Bankr. D. Nev. May 21, 2013).

**IMMEDIATE RELIEF AND WAIVER OF STAY**

29. Bankruptcy Rule 6004 provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). In view of the urgency of the relief requested herein and the risk to the Debtors' business operations if utilities are interrupted, a fourteen-day stay of the relief sought herein is impractical. Absent the requested relief, the Debtors may be faced with discontinuation of the utility services on which their business operations depend. Accordingly, the Debtors request that this Court waive the stay under Bankruptcy Rule 6004(h) and provide in the order granting the relief sought herein that such order shall be effective immediately.

30. Bankruptcy Rule 6003(b) provides "except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to use, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before filing of the petition. . . ." As described herein, if the relief requested is not immediately granted, the Debtors are likely experience immediate and irreparable harm. To ensure Debtors' chances of successfully reorganizing and maximizing value for Debtors' creditors, this Court should find that the exception set forth in Bankruptcy Rule 6003 applies here.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit 2**: (i) prohibiting Utilities from altering, refusing, or discontinuing services or requiring additional deposits or other security on account of the commencement of this case or any pre-petition claims; (ii) establishing procedures for determining requests for adequate assurance of payment pursuant to the form of order attached hereto; and (iii) granting such other and further relief as is just and proper.

Dated: September 10, 2022.

SCHWARTZ LAW, PLLC

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
601 East Bridger Avenue
Las Vegas, Nevada 89101

*Proposed Attorneys for the Debtors*

# EXHIBIT 1

# EXHIBIT 1

| Utility Provider | Payment Address | Account(s)[1] |
|---|---|---|
| Boulder City Disposal | P.O. Box 61288<br>Boulder City, NV 89006-1288 | x-0014 |
| CenturyLink | P.O. Box 2961<br>Phoenix, AZ 85062-2961 | x-1194<br>x-9687<br>x-8385<br>x-9135 |
| City of Henderson | PO Box 95050<br>240 S Water Street, MSC 124<br>Henderson, NV 89015 | x-8002<br>x-8004<br>x-7822<br>x-3957 |
| Colorado River Commission | 555 East Washington, #3100<br>Las Vegas, NV 89101 | Electric & PDAF – CRC Operating Agreement |
| Colorado River Commission | 555 East Washington, #3100<br>Las Vegas, NV 89101 | Water from Lake Mead - CRC Operating Agreement |
| NV Energy | PO Box 30086<br>Reno, NV 89520-2086 | x-0389 |
| NV Power Company dba NV Energy | PO Box 30093<br>Reno, NV 89520-3093 | x-2174 |
| Public Utilities Commission of Nevada | 1150 East William Street<br>Carson City, NV 89701-3109 | Universal Energy Charge |

---

[1] Only the last 4 digits of each account number are listed.

# EXHIBIT 2

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Proposed Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-13252-MKN |
| BASIC WATER COMPANY, | Chapter 11 |
| Debtor. | Hearing Date: |
| | Hearing Time: |

**ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION CLAIMS AND (II) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon the motion (the "**Motion**")[1] of Basic Water Company, a Nevada corporation ("**BWC**") and Basic Water Company SPE 1, LLC, a Nevada limited liability company ("**SPE**" and, together with BWC, "**Basic Water**" or the "**Debtors**") in their respective Chapter 11 Cases[2] for the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.
[2] *In re Basic Water Company*, Case No. 22-13252-MKN, ECF No. 5.

1

entry of an order pursuant to 11 U.S.C. §§ 105(a) and 366 prohibiting the Debtors' utility service providers listed on Exhibit 1 of the Motion (the "**Utilities**"), from (i) altering, refusing, or discontinuing services on account of the commencement of this case or any outstanding pre-petition claims, and (ii) establishing procedures for determining requests by the Utilities for adequate assurance; and upon the record of the hearing on the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given under the particular circumstances and that no other or further notice is necessary; and upon the record of the hearing held on the Motion; and it appearing this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation thereon, and good and sufficient cause appearing therefore,

   **IT IS HEREBY ORDERED** that:

   1. The Motion is GRANTED.

   2. Except in accordance with the procedures set forth below, absent further order of the Court, each Utility is prohibited from: (a) altering, refusing, or discontinuing service to, or discriminating against the Debtors solely on the basis of the commencement of these cases or on account of any unpaid invoice for services provided before the Petition Date; and (b) requiring the payment of any additional deposit or other security in connection with the Utilities' continued provision of utility services, including, the furnishing of gas, heat, electricity, water, telephone, or any other utility of like kind, to the Debtors.

   3. To request adequate assurance of payment for future services, a Utility must serve a written request (a "**Request**") to Debtors' counsel, Schwartz Law, PLLC, 601 East Bridger Avenue, Las Vegas, Nevada 89101, setting forth the location for which utility services is provided, the account number(s) for such location(s), the outstanding balance of each account, the adequate assurance requested, and an explanation as to why adequate assurance of payment is necessary. The

Request must be actually received by Debtors' counsel within thirty (30) days of the date of this Order (the "**Request Deadline**").

4. Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility serving a Request if the Debtors determine in their discretion that the Request is reasonable.

5. If the Debtors believe that a Request is unreasonable, the Debtors, within thirty (30) days after the Request Deadline, shall file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "**Determination Motion**"), seeking a determination from the Court that the consideration offered by the Debtors constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion or further order of the Court, the Utility that is the subject of the Request may not alter, refuse, or discontinue services to the Debtors, request an additional deposit or other security, nor recover or setoff against a pre-Petition Date deposit.

6. Any Utility that makes a timely Request shall be deemed to have adequate assurance of payment until the Court enters a final order in connection with such a Request finding that the Utility is not adequately assured of future payment, or the Debtors and such Utility otherwise resolve the Utility's Request.

7. Any Utility that fails to make a Request shall be deemed to be satisfied of adequate assurance of payment.

8. The Debtors may supplement the list of Utilities on Exhibit 1 attached to the Motion and any subsequently identified Utility will fall within the scope of this Order from the date of the filing of the amended Exhibit 1. Any Utility subsequently identified by the Debtors shall be served with notice and a copy of this Order and be afforded thirty (30) days from the date of service to request adequate assurance, if any, from the Debtors. Such a request must otherwise comply with the requirements set forth above or shall be deemed an invalid adequate assurance request.

9. Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility as provided by the Bankruptcy Code or other applicable law, and nothing herein or in the Motion shall constitute the post-petition assumption or adoption of any agreement pursuant to Section 365 of the Bankruptcy Code, nor shall anything

1  herein be deemed a waiver by the Debtors or any other party of any right with respect to the
2  assumption or rejection of a executory contract.
3    10.  The Debtors shall serve a copy of this Order upon the utility providers identified in
4  the Motion within three (3) business days after entry of this Order.
5    11.  This Order shall be effective and enforceable immediately upon entry.
6    12.  This Court shall retain jurisdiction to hear and determine all matters arising from the
7  implementation of this Order.

**IT IS SO ORDERED.**

Prepared and submitted by:

SCHWARTZ LAW, PLLC

By: */s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
601 East Bridger Avenue
Las Vegas, Nevada  89101

*Proposed Attorneys for the Debtors*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

_____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(h), and that no party has objected to the form or content of this order.

APPROVED:

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

*/s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101

*Proposed Attorneys for the Debtors*

###

5