Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Proposed Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>BASIC WATER COMPANY,<br><br>Debtor. | Case No.: 22-13252-MKN<br><br>Chapter 11<br><br>Hearing Date: **OST REQUESTED**<br>Hearing Time: **OST REQUESTED** |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM AND RELATED RELIEF**

Basic Water Company, a Nevada corporation ("**BWC**") and Basic Water Company SPE 1, LLC, a Nevada limited liability company ("**SPE**" and, together with BWC, "**Basic Water**" or the "**Debtors**"), the debtors and debtors-in-possession in their proposed jointly administered Chapter 11 cases, by and through their proposed counsel of record, Schwartz Law, PLLC, hereby submit this motion (the "**Motion**") for the entry of an order authorizing the Debtors' maintenance of their existing bank accounts and cash management system and granting related relief.

This Motion is made and based on the *Declaration of Stephanne Zimmerman in Support of Debtors' Chapter 11 Petitions, First Day Motions, and Related Relief* (the "**First Day Declaration**"), filed herewith, the points and authorities set forth below, the pleadings and papers and other records contained in this Court's file, judicial notice of which is respectfully requested, and any evidence or oral argument presented at the time of the hearing on this Motion.

**JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).[1] Pursuant to LR 9014.2, the Debtors consent to entry of a final order or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the U.S. Constitution.

2. Venue of the Debtors' Chapter 11 cases (the "**Chapter 11 Cases**") in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Sections 105, 345, 363, 1107, and 1108 of the Bankruptcy Code.

**BACKGROUND**

4. On September 10, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with this Court. Contemporaneously with the filing of their petitions, each of the Debtors filed an application for entry of an order directing the joint administration of their Chapter 11 Cases, with BWC denominated the lead case.

5. The Debtors continue to operate as a debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. To date, the Office of the United States Trustee for Region 17 (the "**UST**") has not appointed a committee of unsecured creditors in the Chapter 11 Cases. *See* Dockets.

7. A detailed description of the Debtors' financial obligations, events leading up the Petition Date, and other matters are set forth in the First Day Declaration of Stephanne Zimmerman.

**RELIEF REQUESTED**

8. The Debtors request that the Bank Accounts (defined below) be designated debtor-in-possession accounts and that the Debtors be authorized to continue using the Bank Accounts as

---

[1] Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall be to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure 1001-9037. "**Local Rule**" or "**LR**" references are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada. All other initially capitalized terms not defined herein shall have the meanings ascribed to them in the First Day Declaration.

debtor-in-possession accounts. Closing their existing accounts and opening new debtor-in-possession accounts would cause a significant interruption to the Debtors' business and financing agreement.

9. The Debtors further request that Bank of Nevada be authorized and directed to: (1) continue servicing and administering the Bank Accounts as accounts of the Debtors, as debtors-in-possession, without interruption and in the usual and ordinary course, and accepting and processing deposits into the Bank Accounts, in whatever form received; and (2) accept and honor all representations from the Debtors as to which checks, drafts, automated clearing house transfers, or other electronic funds transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, automated clearing house transfers, or other electronic funds transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not Bank of Nevada believes the payment is or is not authorized by any order(s) of the Court.

10. Further, the Debtors request that, except as otherwise provided in any stipulation or order regarding the use of cash collateral, Bank of Nevada be prohibited from offsetting, freezing, or otherwise impeding the use or transfer of, or access to, any funds deposited by the Debtors in the Banks Accounts before or after the Petition Date on account of or by reason of any claim (as defined in Section 101(5) of the Bankruptcy Code) of Bank of Nevada against the Debtors that arose before the Petition Date, and any checks, drafts, automated clearing house transfers, and other electronic funds transfers drawn or ordered by the Debtors on the Bank Accounts subsequent to the Petition Date should be timely honored by Bank of Nevada notwithstanding any claim Bank of Nevada holds against the Debtors.

## BASIS FOR RELIEF

### A. The Bank Accounts and Cash Management System

11. As of the Petition Date, the Debtors maintained the following bank accounts (the "**Bank Accounts**") at Bank of Nevada, a division of Western Alliance Bank, an Arizona corporation ("**Bank of Nevada**"):

| Debtor | Account Type | Last 4 Digits | Purpose |
|---|---|---|---|
| BWC | Money Market | 5354 | General |
| BWC | Checking | 8280 | General business operations |
| SPE | Checking | 6972 | General business operations |

*See* First Day Decl., ¶ 70.

12. The Debtors routinely deposit, withdraw, and otherwise transfer funds to and from the Bank Accounts and manage all of their cash receipts and disbursements through the Bank Accounts. *See id.*, ¶ 72.

13. Revenue from the Industry Water Delivery Contracts is deposited into BWC's checking account and generally used to pay the costs of operating and maintaining the Water Facilities and other ordinary business expenses. *See id.*, ¶ 73.

14. Additionally, pursuant to that certain Indenture of Trust dated February 23, 2017 (the "**Indenture**") between SPE, as Issuer, and Bank of Nevada, as Indenture Trustee, SPE issued its $20,500,000 City of Henderson Water Delivery Contract Revenue Bonds, Taxable Series 2017 (the "**Bonds**") and the Deed of Trust, Pledge and Security Agreement, and Fixture Filing with Assignment of Rents, recorded on February 24, 2017, as Instrument No. 201702240002702 (the "**Deed of Trust**"), attached to the First Day Declaration as Exhibits 9 and 10, SPE granted the Indenture Trustee a security interest in, among other things (each of the following as defined in the Indenture): (a) SPE's interest in the Facilities; (b) that certain Water Delivery Contract; (c) the Revenues; and (d) all accounts or subaccounts created under the Indenture and held by the Indenture Trustee, including all cash maintained therein. The following accounts were created under the Indenture (collectively, the "**Indenture Accounts**"):

///

///

///

| Debtor | Account Type | Last 4 Digits | Purpose |
|---|---|---|---|
| SPE | Money Market | 1685 | Improvement Fund[2] |
| SPE | Money Market | 4955 | Bond Fund |
| SPE | Money Market | 6124 | Revenue Fund |
| SPE | Checking | 9469 | Expense Fund |

*See* First Day Decl., ¶ 74.

15. Historically, pursuant to the Indenture and that certain Collateral Assignment of Water Delivery Contract, dated as of February 23, 2017, payments due and owing by the City of Henderson under the City Water Delivery Contract were deposited directly into the SPE Revenue Fund. Pursuant to section 3.12 of the Indenture, funds in the Revenue Fund were applied first to the Bond Fund in an amount sufficient to pay the principal and interest due on the Bonds on the next payment date, then to the Expense Fund to pay the fees and expenses of the Indenture Trustee, and then, to the extent there were any remaining amounts, to BWC, which operates and maintains the water system pursuant to the 2004 Assignment Agreement between BWC and SPE. *See id.*, ¶ 75.

16. The Indenture Trustee contends that it holds the Indenture Accounts at the Bank of Nevada in trust for the benefit of the holder of the Bonds under the Indenture and Deed of Trust. Accordingly, the Indenture Accounts are not part of the Bank Accounts and are not subject to the relief requested in this Motion. *See id.*, ¶ 76.

**B. <u>Legal Authority</u>**

17. The UST has established certain operating guidelines for debtors-in-possession in order to supervise the administration of Chapter 11 cases. The guidelines require a Chapter 11 debtor to, among other things: (a) close all existing bank accounts and open new debtor-in-

[2] The Improvement Fund was created pursuant to section 3.02 of the Indenture to pay for the cost of authorized improvements to the Facilities (as defined in the Indenture). Prepetition, on September 9, 2022, SPE effectuated a partial redemption of the Bonds pursuant to section 5.01(a) of the Indenture by directing the Indenture Trustee to apply the funds in the Improvement Fund to the balance of the Bonds as consideration for the Indenture Trustee's waiver of the provisions of section 9.05 of the Indenture, section 2 of the Amended and Restated Operating Agreement of SPE, Article 9 of the Amendment to Articles of Organization of SPE, and any other provisions similar thereto contained in the Indenture or SPE's organizational documents as it relates to the commencement by SPE of a proceeding under the Bankruptcy Code. As a result, the balance of the Improvement Fund as of the Petition Date is $0.

possession bank accounts; (b) establish one debtor-in-possession account for all estate monies required for the payment of taxes; (c) maintain a separate debtor-in-possession account for cash collateral; and (d) obtain checks for all debtor-in-possession accounts which bear the designation "*Debtor-in-Possession*", the bankruptcy case number, and the type of accounts.

18. Courts have recognized, however, that the strict enforcement of bank account closing requirements does not serve the rehabilitative purposes of Chapter 11. Accordingly, courts have waived such requirements and replaced them with alternative procedures that provide the same protections. *See In re Washington Group Int'l, Inc.*, Case No. 01-31627 (Bankr. D. Nev. May 15, 2001); *In re Nat'l Airlines, Inc.*, Case No. 00-19258-LBR (Bankr. D. Nev. Dec. 7, 2000); *In re Einstein/Noah Bagel Corp.*, Case Nos. 00-0447-ECF-CGC and 00-0448-ECF-CGC (Bankr. D. Ariz. Apr. 28, 2000); *In re Pegasus Gold Corp.*, Case No. 98-30088-GWZ (Bankr. D. Nev. Jan. 16, 1998); *In re Taro Properties Arizona I, LLC, et al.*, Case No. 08-10427, ECF No. 33 (Bankr. D. Ariz. Aug. 20, 2008); *In re Worldcom, Inc.,* Case No. 02-13533 (Bankr. S.D.N.Y. July 23, 2002); *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. Dec. 3, 2001).

19. In addition, Section 363(c)(1) of the Bankruptcy Code authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The purpose of this section is to provide a debtor with the flexibility to engage in ordinary transactions without unneeded oversight by its creditors or the court. *Meoli v. Am. Med. Serv. of San Diego*, 287 B.R. 808, 817 n.3 (S.D. Cal. 2003) (stating that 363(c)(1) is designed to provide "wide-ranging management authority over the debtor"); *see also In re First Protection, Inc.*, 440 B.R. 821, 833 (B.A.P. 9th Cir. 2010) (a debtor may "enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and to use property of the estate in the ordinary course of business without notice or a hearing" when the debtor's business is being operated under Sections 1107 and 1108 of the Bankruptcy Code); *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets.").

20. Included within the purview of Section 363(c) of the Bankruptcy Code is a debtor's ability to continue "routine transactions" necessitated by a debtor's ordinary cash management system. *In re OccMeds Billing Servs., Inc.*, Case No. 07-28444, 2008 WL 73690, at *3 (Bankr. E.D. Cal. Jan. 3, 2008) (noting that in most circumstances "the debtor does not need the permission of the court to use [bank accounts] in ordinary course of its business"); *In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 796 (Bankr. D. Del. 2007) (noting that courts have shown a reluctance to interfere in a debtor's making of routine, day-to-day business decisions).

21. Continued use of the Debtors' cash management system, including transfers by SPE to BWC to pay part of the costs of operating and maintaining the Water Facilities and other ordinary business expenses, is warranted. The cash management system enables the Debtors to centrally control their funds, ensure the availability of funds when necessary to maintain and operate the water system, and conduct their operations efficiently and effectively. Continued use of the Debtors' cash management system, including transfers of funds from SPE to BWC, is essential to the Debtors' continued operations and the administration of the Chapter 11 Cases. *See* First Day Decl., ¶¶ 77-78.

22. The U.S. Trustee Guidelines for bank accounts are intended to ensure a clear separation between prepetition and postpetition payments and track their pre- and post-petition obligations. The Debtors' cash management system, however, allows the Debtors to identify and account for transfers of funds and track and keep separate prepetition and postpetition payments. Requiring the Debtors to open new accounts would complicate their collection of revenue and payment of ordinary course expenses arising after the Petition Date, needlessly increasing operating costs. *See id.*, ¶ 78.

23. Furthermore, the Debtors believe that any funds deposited into the Bank Accounts are secure, as Bank of Nevada is an authorized depository in compliance with Section 345 of the Bankruptcy Code and the Debtors' deposits are federally insured by the FDIC to the same extent they would be in any other authorized depository. *See id.*, ¶ 79. Accordingly, maintaining the Bank Accounts as debtor-in-possession accounts will provide the estate and creditors with substantially the same protections as opening new debtor-in-possession accounts.

**IMMEDIATE RELIEF AND WAIVER OF THE STAY**

24. Bankruptcy Rule 6003 provides that the Court may grant relief regarding the use of property of the Debtors' estate within 21 days after the Petition Date if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Courts have found "immediate and irreparable harm" present where the absence of relief would impair the debtor's ability to reorganize or threaten the debtor's future as a going concern. *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990). The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm. Requiring the Debtors to open new accounts or implement a new cash management system could impede the collection of revenue and payment of ordinary course obligations. *See* First Day Declaration ¶ 78.

25. Bankruptcy Rule 6004 provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). In view of the urgency of the relief requested herein and the risk to the Debtors' operations if they are required to open new accounts or their cash management system is disrupted, a fourteen-day stay of the relief sought herein is impractical. Accordingly, the Debtors request that this Court waive the stay under Bankruptcy Rule 6004(h) and provide in the order granting the relief sought herein that such order shall be effective immediately.

**RESERVATION OF RIGHTS**

26. The Debtors hereby reserve any and all rights with respect to the Indenture Accounts, including, but not limited to, the right to assert that the Indenture Accounts are property of SPE's bankruptcy estate and, to the extent required to use the funds in the Indenture Accounts as cash collateral pursuant to an order of this Court, that the Indenture Accounts should be designated as debtor-in-possession accounts.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit 1**: (i) authorizing the maintenance of the Bank Accounts and the Debtors' existing cash management system; (ii) waiving the 21-day time period imposed by Bankruptcy Rule 6003 to avoid immediate and irreparable harm; (iii) making the order effective

immediately in accordance with Bankruptcy Rule 6004(h); and (iv) granting such other and further relief as is just and proper.

Dated: September 10, 2022.

SCHWARTZ LAW, PLLC

By: */s/ Gabrielle A. Hamm*
Samuel A. Schwartz, Esq.
Gabrielle A. Hamm, Esq.
601 East Bridger Avenue
Las Vegas, NV 89101

*Proposed Attorneys for the Debtors*

# EXHIBIT 1

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Proposed Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-13252-MKN |
| BASIC WATER COMPANY, | Chapter 11 |
| Debtor. | Hearing Date: |
| | Hearing Time: |

**ORDER AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM AND GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of Basic Water Company, a Nevada corporation ("**BWC**") and Basic Water Company SPE 1, LLC, a Nevada limited liability company ("**SPE**" and, together with BWC, "**Basic Water**" or the "**Debtors**") for the entry of an order authorizing maintenance of existing bank accounts and cash management system; and upon the record of the hearing held on the Motion; and the Court having determined that the relief requested in the Motion

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest; and it appearing this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given under the particular circumstances and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED.

2. The Debtors are authorized to maintain their existing cash management system and the following Bank Accounts at Bank of Nevada (the "**Bank**"):

| Debtor | Account Type | Last 4 Digits |
|---|---|---|
| BWC | Money Market | 5354 |
| BWC | Checking | 8280 |
| SPE | Checking | 6972 |

3. The Bank Accounts shall be designated as debtor-in-possession accounts.

4. The Bank is authorized and directed to: (1) continue servicing and administering the Bank Accounts as accounts of the Debtors, as debtors-in-possession, without interruption and in the usual and ordinary course, and accepting and processing deposits into the Bank Accounts, in whatever form received; and (2) accept and honor all representations from the Debtors as to which checks, drafts, automated clearing house transfers, or other electronic funds transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, automated clearing house transfers, or other electronic funds transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Bank believes the payment is or is not authorized by any order(s) of the Court.

5. Except as otherwise provided in any stipulation or order regarding the use of cash collateral, the Bank shall not offset, freeze, or otherwise impede the use or transfer of, or access to, any funds deposited by either Debtor in the Banks Accounts before or after the Petition Date on

account of or by reason of any claim (as defined in Section 101(5) of the Bankruptcy Code) of the Bank against either Debtor that arose before the Petition Date, and any checks, drafts, automated clearing house transfers, and other electronic funds transfers drawn or ordered by the Debtors on the Bank Accounts subsequent to the Petition Date should be timely honored by the Bank notwithstanding any claim the Bank holds against either Debtor.

6. The Bank shall not honor automatic withdrawals from any secured creditor of either Debtor unless otherwise ordered by the Court.

7. This Order shall be effective and enforceable immediately upon entry.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Prepared and submitted by:

SCHWARTZ LAW, PLLC

By: */s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
601 East Bridger Avenue
Las Vegas, Nevada 89101

*Proposed Attorneys for the Debtors*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that (check one):

______ The court has waived the requirement set forth in LR 9021(b)(1).

______ No party appeared at the hearing or filed an objection to the motion.

______ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

______ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(h), and that no party has objected to the form or content of this order.

APPROVED:

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

*_/s/ Samuel A. Schwartz_*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101

*Proposed Attorneys for the Debtors*

###